

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00241-CR

TREVON MARQUEZ DEUNTE NEAL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 22F1240-005

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Trevon Marquez Deunte Neal pled guilty to evading arrest or detention and, pursuant to a plea agreement, the trial court sentenced Neal to twenty months' confinement. Despite the trial court's certification that this was a plea-bargain case and that Neal had no right of appeal, Neal timely filed a notice of appeal. Because we find that we are without jurisdiction over this cause due to Neal's plea bargain with the State, we will dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> (2)     . . . In a plea[-]bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)     those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B)     after getting the trial court's permission to appeal, or
> >
> > (C)     where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court (1) that this specific appeal is expressly authorized by statute, (2) that Neal filed a motion that was ruled on before trial, or (3) that Neal obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Neal's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On November 30, 2023, we informed Neal of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Neal did not file a response to our November 30 correspondence.

Because Neal has no right of appeal due to his plea bargain with the State and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted:     January 18, 2024
Date Decided:       January 19, 2024

Do Not Publish

3